B.G.M. ENTERPRISES, d/b/a Park Place Nursing Home and Rehabilitation Center, Plaintiff,

v.

Patricia Roberts HARRIS; Secretary, Department of Health and Human Services, and Montana Foundation For Medical Care, Defendants.

No. CV–79–6–GF.

United States District Court,
D. Montana,
Great Falls Division.

Feb. 20, 1981.

See also, 482 F.Supp. 1073.

Dennis E. Lind, Datsopoulos & MacDonald, Missoula, Mont., for plaintiff.

Jerome T. Loendorf, Helena, Mont., for Montana Foundation for Medical Care.

Robert T. O'Leary, U. S. Atty., D. Montana, Butte, Mont., for defendants.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff B.G.M. Enterprises brought this action challenging the provision of 42 U.S.C. § 1320c–4(e)(1), as amended, which prohibits Professional Standards Review Organizations [1] from delegating Medicare-Medicaid review responsibilities [2] to any skilled nursing facility which is not a part of a hospital. In a January 11, 1980, memorandum and order, this court dismissed all of plaintiff's constitutional claims except certain due process and equal protection claims. As to these remaining claims, this court determined that the interests regulated by the challenged law are economic interests, that in this case the tests of constitutionality under the due process and equal protection clauses were identical, that the statutory provisions were to be examined

---

1. See, 42 U.S.C. § 1320c–1(b).

2. See, 42 U.S.C. § 1320c–4(a).

under the rational basis test,[3] and that the parties could submit whatever evidence they deemed probative of the rational basis for the challenged statute.

On September 23, 1980, defendant Harris filed a brief setting forth the government's arguments that the statute was rationally based. Defendant Montana Foundation for Medical Care later joined in defendant Harris' motion. Defendants relied extensively on a United States Department of Commerce publication entitled "Survey and Assessment of Long-Term Care Review Programs". Plaintiff's argument was solely a response to the government's arguments and an exposition of why the Department of Commerce publication demonstrated the irrationality of the Congressionally stated rationale for preclusion of free-standing nursing homes from conducting PSRO-delegated Medicare-Medicaid reviews ("... these facilities have generally had far less experience in conducting in-house review activities than hospitals." S.Rep. No. 95–453, 95th Cong., 1st Sess. 21; H.R.Rep.No. 95–393 (Part II), 95th Cong., 1st Sess. 61, *republished in* 1977 U.S.Code Cong. and Adminis. News 3039, 3064). Thereafter, "... in recognition of the principle, cited by defendants, that the burden rests with plaintiff to prove that the classification lacks a rational basis rather than with defendants to prove that the classification is rational ...", this court gave plaintiff additional time to present more affirmative evidence of its contention that the statutory amendments are irrational. *See, B.G.M. Enter-prises v. Harris*, CV–79–6–GF (December 1, 1980 Order). Plaintiff, however, chose to rest on the arguments it had made previously.

■ The determination of which party— the attacker or the defender of a statute— shoulders the burden of proof, depends upon what standard of review is applicable to the statute being challenged. If, as here, the challenged statute neither impinges upon a fundamental right[4] nor involves some suspect classification[5] or classification by sex[6], the less stringent rational basis test is used, and the burden is upon the plaintiff-challenger to prove that the statute has no rational basis. If, however, because of the rights affected or the classification involved, a demanding level of scrutiny is appropriate, a heavy burden is upon the government to prove the statute's constitutionality.

■ The Ninth Circuit Court of Appeals, in two recent opinions, discusses at length how the determination of which party shoulders the burden of proof depends in whole upon the test of constitutionality by which the statute is examined. *Cf., United States v. Hicks*, 625 F.2d 216, 219 (9th Cir. 1980) ("Once an appropriate party invokes constitutional scrutiny of a statutory gender-classification, the government must shoulder the burdens of producing evidence and proving a constitutionally-sufficient justification.") with *Lamb v. Scripps College*, 627 F.2d 1015, 1021 (9th Cir. 1980)

3. "In cases involving due process and equal protection challenges to classifications created by the Social Security Act, the Supreme Court has held that the inquiry is whether these classifications have some rational basis. It 'has consistently refused to invalidate on equal protection grounds legislation which it simply deemed unwise or inartfully drawn.'" *Rundle v. Califano*, 639 F.2d 542 at 544 (9th Cir. 1981) (citations omitted).

4. *E. g., Bullock v. Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972) (right to vote); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right of interstate travel); *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968) (First Amendment rights).

5. *E. g., Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage); *McLaughlin v. Florida*, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964) (race); *Oyama v. California*, 332 U.S. 633, 68 S.Ct. 269, 92 L.Ed. 249 (1948) (ancestry).

6. The Supreme Court has applied an intermediate level of scrutiny to statutes which make gender classifications. "To withstand constitutional challenge, ... classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397 (1976).

(where rational basis test is appropriate, the burden is not upon the governmental defendant "to prove that the judgment of the legislature was rationally based. Rather, the burden is on Lamb [plaintiff] to establish that the California Legislature could not reasonably have conceived the facts on which the challenged provision was based to be true.")

Plaintiff failed to meet its burden of establishing that Congress "could not reasonably have conceived the facts on which the challenged provision was based to be true." *Lamb v. Scripps College, supra.* Plaintiff's proof was directed solely at refuting the articulated Congressional premise that nursing homes are generally less experienced than are hospitals in conducting in-house Medicare-Medicaid reviews. This court, however, may look beyond the articulated legislative purpose of the statute.

> In light of language in *Vance v. Bradley, supra,* 440 U.S. [93] at 110–11, 99 S.Ct. [939] at 950, [59 L.Ed.2d 171] indicating that a statute is rationally based if any set of facts may reasonably be conceived to justify the classification, ... we are persuaded that courts may properly look beyond the articulated state [federal] interest at the time of enactment in testing a statute under the rational basis test.

*Lamb v. Scripps College, supra,* 627 F.2d at 1021, n.9.

Defendants suggest other reasons why Congress could have precluded free-standing nursing homes, but not precluded hospitals, from conducting PSRO-delegated Medicare-Medicaid reviews. Defendants suggest that, although both free-standing nursing homes and nursing homes which were part of hospitals were eligible for PSRO-delegated Medicare-Medicaid review prior to amendment of 42 U.S.C. § 1320c–4(e)(1), PSROs did in fact delegate review responsibilities to hospitals more frequently than to free-standing nursing homes. This would support Congress' premise that hospital nursing homes are generally more experienced than are free-standing nursing homes in conducting the reviews. Defendants contend that the U.S. Department of Commerce Survey supports its assertion that free-standing nursing homes were delegated review authority less frequently than were nursing homes which were part of hospitals; plaintiff argues that the Survey does not prove such a theory. Plaintiff, however, has not presented the court with any empirical evidence to show that the PSROs under the old law did in fact delegate review authority to free-standing nursing homes as frequently as they delegated such authority to nursing homes which were part of hospitals.

Defendants suggest that another rational basis for precluding free-standing nursing homes from being delegated Medicare-Medicaid review authority is that nursing homes which are not part of hospitals frequently do not have available the medical staffs to conduct reviews that are available to those nursing homes which are part of hospitals. Again, plaintiff has presented no evidence to prove that this seemingly logical premise is in fact untrue and therefore irrational.

This court concludes that plaintiff has not met the burden, placed upon it as challenger of a statute involving neither a fundamental right nor a gender-based or suspect classification, of proving that Congress could not reasonably have conceived the facts on which the amendments to 42 U.S.C. § 1320c–4(e)(1) were based to be true. Defendants' motion for summary judgment shall be granted.

An appropriate order shall issue.